**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Zyrcuits IP LLC,** | Case No. 6:20-cv-1185 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Carrier Corporation,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Zyrcuits IP LLC ("Plaintiff"), through its attorneys, complains of Carrier Corporation ("Defendant"), and alleges the following:

**PARTIES**

1.      Plaintiff Zyrcuits IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd,Ste 149 - 1013, Plano, TX 75093.

2.      Defendant Carrier Corporation is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 1300 Hall Blvd Ste 1a Bloomfield, CT 06002.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENT-IN-SUIT

7.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,671,307 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '307 PATENT

8.      The '307 Patent is entitled "Spread-spectrum high data rate system and method," and issued 12/30/2003. The application leading to the '307 Patent was filed on 10/02/2001. A true and correct copy of the '307 Patent is attached hereto as Exhibit 1  and incorporated herein by reference.

9.      The '307 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '307 PATENT

10.     Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '307 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '307 Patent also identified in the charts incorporated into this Count below (the "Exemplary '307 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '307 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '307 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     Exhibit 2 includes charts comparing the Exemplary '307 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '307 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '307 Patent Claims.

14.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### JURY DEMAND

16.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      A judgment that the '307 Patent is valid and enforceable

B.      A judgment that Defendant has infringed directly one or more claims of the '307
        Patent;

C.      An accounting of all damages not presented at trial;

D.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284
        for Defendants past infringement with respect to the '307 Patent.

E.      And, if necessary, to adequately compensate Plaintiff for Defendants infringement,
        an accounting:

   i.      that this case be declared exceptional within the meaning of 35 U.S.C. § 285
           and that Plaintiff be awarded its reasonable attorneys fees against Defendant
           that it incurs in prosecuting this action;

   ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this
           action; and

   iii.    that Plaintiff be awarded such further relief at law or in equity as the Court
           deems just and proper.

Dated: December 24, 2020          Respectfully submitted,

                                  /s/ Isaac Rabicoff
                                  Isaac Rabicoff
                                  **Rabicoff Law LLC**
                                  5680 King Centre Dr, Suite 645
                                  Alexandria, VA 22315
                                  (773) 669-4590
                                  isaac@rabilaw.com

**Counsel for Plaintiff**
**Zyrcuits IP LLC**